The Honorable Railey A. Steele State Representative Route 3, Box 53A Gentry, AR 72734-9305
Dear Representative Steele:
This is in response to your request for an opinion on the following questions:
 1. What is necessary to qualify as an independent candidate?
 2. Is the number of signatures required to be obtained in the district as defined before or after the last census?
 3. Must a certain number of signatures be obtained in each of the voting precincts?
With regard to your first question, please note that I have enclosed a copy of A.C.A. § 7-7-103 (Repl. 1991), which sets forth the general requirements for filing as an independent candidate. It should be noted with regard to subsection (b) (which references the deadline for filing political practices pledges and party pledges), that in accordance with A.C.A. §7-6-102(a)(1) (Repl. 1991), political party candidates must file their political practices pledges by noon on the first Tuesday of April before the preferential primary. It thus appears that the May 1 date will be the controlling deadline for filing petitions of nomination as an independent candidate.[1] A political practices pledge must be filed by the independent candidate at the time of filing the petition of nomination. A.C.A. §7-6-102(a)(2). And the independent candidate must designate his position prior to circulation of his petition. See A.C.A. §7-7-304(d) (1987).
Arkansas Code of 1987 Annotated § 7-7-105 should be referenced if your question pertains to vacancies in office.
While the answer to your second question is not altogether clear, I believe that the district as defined following reapportionment in accordance with Article 8 of the Arkansas Constitution is the relevant district. Subsection (c)(1) of § 7-7-103 states that an independent candidate shall furnish petitions signed by at least three percent (but no more than two thousand for a district office) ". . . of the qualified electors in the county, township, or district in which the person is seeking office. . . ." (Emphasis added.) The Board of Apportionment adopted the current apportionment plan on October 29, 1991, and filed it with the Secretary of State on January 13, 1992. The requisite number of signatures must, therefore, in my opinion, be obtained in the district as defined (following reapportionment) after the last census. Similarly, the new district will, in my opinion, be controlling for purposes of determining the requisite number of signatures. See A.C.A. § 7-7-103(c)(4) (copy enclosed).
The answer to your last question is "no." My research has not disclosed a requirement to this effect. Section 7-7-103 requires petitions to be signed by the qualified electors in the county, township, district or state, as the case may be, with no reference to voting precincts. Similarly, with regard to independent candidates for municipal office, subsection (d)(1) of § 7-7-103 refers to "electors of the ward or city."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Reference should also be made to A.C.A. § 14-42-206 (Cum. Supp. 1991) and 7-1-107 (1987) with regard to independent candidates for municipal office.